W. Thomas Menefee and Florence E. Menefee, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 7518. Promulgated February 17, 1947.

*Lyon Boston, Esq.*, for the petitioners.
*Ellyne E. Strickland, Esq.*, for the respondent.

312

**OPINION.**

LeMire, *Judge*: The question for decision is whether the compromise of the property settlement between the petitioner and her former husband resulted in a deductible loss or gave rise to a bad debt deduc-

tion in 1941. Under the compromise in 1941 the petitioner accepted 98 shares less than the total shares of certain stock which her former husband had agreed to deliver to her under a settlement made at the time of their divorce in 1934. The petitioner claimed in her return for 1941, and in the petition, that the value of the 98 shares at the time of compromise was deductible as either a loss under section 23 (e) (2), or as a bad debt under section 23 (k), of the Internal Revenue Code, as amended.

The property settlement between the petitioner and her former husband was called a "payment of alimony in gross" in their agreement and in the decree of the court which divorced them. The petitioner concedes that the compromise of an obligation to pay alimony would not result in deductible loss, since alimony is not a "transaction entered into for profit." *Thomas* v. *Commissioner*, 100 Fed. (2d) 408, 411. Nor is unpaid alimony deductible as a bad debt. *Pearl A. Long*, 35 B. T. A. 479; affirmed on other grounds, 96 Fed. (2d) 270; certiorari denied, 305 U. S. 616. In that case we said:

* * * The taxing statute, as has often been said, is concerned with realized gains and losses. This, it seems to us, is the proper test to be applied in these cases. The taxpayer was not out of pocket anything as the result of the promissor's failure to comply with his agreement. There was no realization either as a gain or loss at any time. There was no outlay of cash or property by the petitioner in the taxable year, or any other year, by which to measure a loss. She merely failed to receive something promised, which is vastly different from the loss of something once reduced to possession.

The petitioner contends, however, that her former husband's agreement to deliver the stock in question was not part of his obligation to pay alimony. She argues that it was an agreement which satisfied a preexisting obligation (presumably, to repay losses). In our opinion the existence of such obligation has not been demonstrated by the petitioner.

The petitioner testified that she gave her Sears, Roebuck & Co. stock to her former husband for safekeeping. She authorized him to handle her financial affairs, including the investment of cash and the reinvestment of stocks. He placed some of the petitioner's investments, including at least 1,044 shares of Sears, Roebuck & Co. stock, in a stock account which bore her name. The facts show that she had notice of that transaction in 1928 and again in 1929, when the market value of her investments was stated to be over $300,000. There is no evidence that she made any objection to the management of her stock account until shortly prior to their divorce in 1934. At that time she owed a debit balance of approximately $36,000 on her account, for which 762 shares of the Sears stock and other stocks were held as collateral. The value of that collateral is not in evidence. It may be inferred from recitals in their agreement of settlement that 400

shares of the Sears stock had been sold. The circumstances of that sale are not in evidence. On these facts we can not conclude that the petitioner's former husband had any legal liability for mismanagement or any other obligation which would provide the basis for a bad debt deduction. See *Philip H. Schaff*, 46 B. T. A. 640, 646.

The petitioner has failed to show that she sustained a deductible loss within the taxable year. She has not shown that her former husband was under any legal obligation which would have furnished the basis for a deductible loss. While the record suggests that she had losses in her stock account, such losses were sustained prior to the taxable year.

The Commissioner committed no error in disallowing the deduction in question. We hold that the petitioner has failed to show that she had either a bad debt or a deductible loss in the taxable year.

Reviewed by the Court.

*Decision will be entered for the respondent.*

BLACK and DISNEY, *JJ.*, dissent.